# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51172-0-II |
| Respondent, | |
| v. | |
| KENNETH ALAN WUCO, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. — Kenneth Wuco appeals from the sentence imposed following his convictions of first degree unlawful possession of a firearm and theft of a firearm asserting that (1) the sentencing court erred by failing to recognize its discretion to consider an exceptional sentence downward and (2) his defense counsel was ineffective for failing to request an exceptional sentence downward.[1]  We affirm.

## FACTS

On September 22, 2016, Charles Benzinger parked his vehicle in an alley behind his place of employment in Tacoma.  Benzinger left his firearm underneath some items on the front passenger seat of his vehicle.  Surveillance video shows Wuco breaking into Benzinger's vehicle

---

[1] Wuco was also convicted of second degree vehicle prowling.  He raises no issues related to this conviction.

before driving away in a pickup truck. After Wuco drove away, Benzinger saw that his firearm had been taken from his vehicle.

The State charged Wuco with theft of a firearm, first degree unlawful possession of a firearm, and second degree vehicle prowling. The matter proceeded to a jury trial. The jury returned verdicts finding Wuco guilty of all charges.

The State requested the sentencing court to impose a 218-month sentence, the top of Wuco's standard sentence range based on his offender score of 9+. The State noted that RCW 9.94A.589(1)(c) required Wuco to serve consecutive sentences for his convictions of first degree unlawful possession of a firearm and theft of a firearm.

Wuco requested the sentencing court to impose a prison-based "Drug Offender Sentencing Alternative" (DOSA), RCW 9.94A.660. The following exchange took place between defense counsel and the sentencing court during Wuco's request for a prison-based DOSA sentence:

> [Defense counsel]: [A] DOSA sentence holds a very heavy hammer over [Wuco's] head for a long period of time. The actual incarceration time that he would serve under [a] DOSA sentence is serious. I mean, it is a lot of time. I think that I heard [the State's] calculation add up to 95 and a half or 96 months in custody and a similar amount of out-of-custody.
> . . . .
> [Sentencing court]: You agree that because these have to be served consecutively, that the DOSA periods stack.
> [Defense counsel]: Yes.
> [Sentencing court]: So that he is looking at eight years in prison, maybe minus a couple of years for good time, but he is looking at six years net of good time, if you will, in prison, even if we grant what you want.
> [Defense counsel]: Right.
> [Sentencing court]: Then he is looking at another eight years on community custody or supervision.
> [Defense counsel]: Right.

6 Verbatim Report of Proceedings (VRP) at 532-33.

Following a lengthy colloquy with Wuco about his crimes, criminal history, drug addiction, and previous attempts at recovery, the sentencing court granted his request for a prison-based DOSA sentence. The sentencing court noted its reluctance to impose a DOSA sentence, telling Wuco, "I came this close to not doing this." 6 VRP at 559.

Wuco's judgment and sentence contains handwritten notations stating, "Pursuant to RCW 9.94A.589(1)(c), Counts I & II must run consecutively." Clerk's Papers at 67-68. Wuco appeals from his sentence.

## ANALYSIS

### I. EXCEPTIONAL DOWNWARD SENTENCE

Wuco first contends that the sentencing court erred by failing to recognize its discretion to impose an exceptional downward sentence and that remand for resentencing is required under *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017). We disagree.

Generally, a trial court's decision whether to impose a DOSA sentence is not reviewable. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Likewise, a trial court's discretionary decision not to impose an exceptional sentence outside the standard range is generally not reviewable. *McFarland*, 189 Wn.2d at 56. But "this rule does not preclude a defendant from challenging on appeal the underlying legal determinations by which the sentencing court reaches its decision; every defendant is entitled to have an exceptional sentence actually considered." *McFarland*, 189 Wn.2d at 56. And "[a] trial court errs when . . . it operates under the 'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.'" *McFarland*, 189 Wn.2d at 56 (last alteration in original) (quoting *In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

RCW 9.94A.589(1)(c) and RCW 9.41.040(6) provide that offenders shall serve consecutive sentences for certain firearm-related offenses, including first degree unlawful possession of a firearm and theft of a firearm.[2] In *McFarland*, our Supreme Court held that notwithstanding the language of RCW 9.94A.589(1)(c) and RCW 9.41.040(6), a sentencing court has discretion to run firearm-related sentences concurrently as an exceptional downward sentence under RCW 9.94A.535(1)(g).[3] 189 Wn.2d at 53-55. Although the defendant in *McFarland* had not requested the sentencing court to impose an exceptional downward sentence, our Supreme Court addressed the issue for the first time on appeal and held that remand for resentencing was appropriate because the "record suggest[ed] at least the possibility that the sentencing court would have considered imposing concurrent firearm-related sentences had it properly understood its discretion to do so." 189 Wn.2d at 59.

---

[2] RCW 9.94A.589(1)(c) states in relevant part,

> If an offender is convicted under RCW 9.41.040 for unlawful possession of a firearm in the first or second degree and for the felony crimes of theft of a firearm or possession of a stolen firearm, or both, . . . [t]he offender shall serve consecutive sentences for each conviction of the felony crimes . . . and for each firearm unlawfully possessed.

RCW 9.41.040(6) states in relevant part,

> Notwithstanding any other law, if the offender is convicted under this section for unlawful possession of a firearm in the first or second degree and for the felony crimes of theft of a firearm or possession of a stolen firearm, or both, then the offender shall serve consecutive sentences for each of the felony crimes of conviction listed in this subsection.

[3] RCW 9.94A.535(1)(g) provides that a sentencing court may impose an exceptional sentence below the standard range if it finds that "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010."

Unlike in *McFarland*, here the record does not suggest that the sentencing court misunderstood its discretion to impose an exceptional downward sentence. Although the sentencing court questioned defense counsel about the requirement that Wuco's firearms-related convictions be served consecutively as part of his requested prison-based DOSA sentence, the sentencing court's question did not suggest that it mistakenly believed it lacked discretion to impose an exceptional downward sentence under RCW 9.94A.535(1)(g). Likewise, the sentencing court's legally correct notation on Wuco's judgment and sentence that RCW 9.94A.589(1)(c) required his firearm-related convictions to be served consecutively does not suggest that the sentencing court mistakenly believed it lacked discretion to impose an exceptional downward sentence.

These facts stand in contrast with *McFarland* where both the State and defense counsel agreed that the defendant's multiple firearm-related convictions had to be served consecutively, and the trial court stated, "'I don't have—apparently [I] don't have much discretion, here. Given the fact that these charges are going to be stacked one on top of another, I don't think—I don't think [the] high end is called for, here.'" 189 Wn.2d at 51 (alterations in original). Because the record does not show that the sentencing court misunderstood its discretion to impose an exceptional downward sentence, remand for resentencing is not appropriate.

Even assuming the sentencing court misunderstood its discretion to impose a downward departure, the record does not suggest that it would have imposed such a sentence in any event.[4]

_____

[4] Wuco's opening and reply brief address only the requirement that the record show the sentencing court misunderstood its discretion to impose an exceptional downward sentence. Wuco does not address the second requirement under *McFarland*, that the record show the possibility that the sentencing court would have considered imposing an exceptional downward sentence had it properly understood its discretion to do so.

To the contrary, the sentencing court expressed its reluctance to impose a DOSA sentence in light of Wuco's criminal history and the facts underlying the multiple crimes for which he was being sentenced. This stands in contrast with the facts in *McFarland* where the sentencing court equated the defendant's presumed sentence with that imposed for second degree murder and expressed some discomfort with its perceived lack of discretion to impose concurrent sentences. 189 Wn.2d at 51, 58-59. For this reason, remand for resentencing is not warranted.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Wuco contends that his defense counsel was ineffective for failing to request an exceptional downward sentence. Again, we disagree.

We review ineffective assistance of counsel claims de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To demonstrate that he received ineffective assistance of counsel, Wuco must show both (1) that defense counsel's performance was deficient and (2) that the deficient performance resulted in prejudice. *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Performance is deficient if it falls below an objective standard of reasonableness. *Reichenbach*, 153 Wn.2d at 130. Prejudice ensues if there is a reasonable possibility that the outcome of the proceeding would have differed but for counsel's deficient performance. *Reichenbach*, 153 Wn.2d at 130. If Wuco fails to make either showing, we need not inquire further. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

Here, as discussed above, there is nothing in the record showing that the sentencing court would have imposed an exceptional downward sentence had defense counsel requested such a sentence. Accordingly, Wuco cannot demonstrate that he was prejudiced by defense counsel's

No. 51172-0-II

decision not to request an exceptional downward sentence, and his claim of ineffective assistance of counsel fails.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

MELNICK, P.J.

SUTTON, J.